No. 20,698.

THE STATE OF KANSAS, *Appellee*, v. NEIL POWELL, *Appellant*.

SYLLABUS BY THE COURT.

GAMBLING — *Appeal* — *Assignments of Error Without Merit.* Assignments of error relating to the introduction of evidence, misconduct of a juror, misconduct of counsel, an instruction to the jury, and the overruling of the motion for a new trial examined and held to be without merit.

Appeal from Decatur district court; WILLIAM S. LANGMADE, judge. Opinion filed October 7, 1916. Affirmed.

*J. P. Noble,* of Oberlin, for the appellant.

*S. M. Brewster,* attorney-general, *John L. Hunt,* assistant attorney-general, *L. M. Parker,* county attorney, and *A. C. T. Geiger,* of Oberlin, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant was convicted of gambling and appeals.

All the circumstances indicated gambling and the checks which were captured and introduced in evidence were quite corroborative.

The evidence relating to misconduct on the part of a juror was conflicting and the trial court decided in favor of the juror. Accepting his statements as true, his impropriety in suffering himself to be interrogated at all about the case did not amount to misconduct from which prejudice is presumed and no prejudice whatever was made to appear.

The evidence given by the sheriff at the trial of one of the defendant's associates was not radically different from the affidavit of the county attorney. The facts stated were essentially the same. Conclusions contained in the affidavit depended on the facts, and doubtless the jury drew their own conclusions. The defendant consented that the affidavit might be read. The subsequent evidence of the sheriff was not newly discovered evidence. At most it was merely evidence somewhat at variance with previous evidence of the same witness, and

new trials are not granted on that ground. Besides this, the evidence was ample to sustain a conviction without the affidavit.

Misconduct of the county attorney which was not committed needs no discussion. The instruction on the subject of reasonable doubt was correct.

The judgment of the district court is affirmed.